

FILED
JUL 1 2 2010
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MABEL de JONGE,** | ) | File No. Civ. 10-4088 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| **Ability Insurance Company, f/k/a Medico Life Insurance Company, Ability Resources, Inc., Ability Reinsurance Holdings Limited,** a Bermuda Limited Company, **Ability Reinsurance Limited,** a Bermuda Limited Company, and **Medico Insurance Company.** | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

COMES NOW the plaintiff, by and through her attorney Mike Abourezk, and hereby states as follows:

### PRELIMINARY STATEMENT

1.   Plaintiff is a resident of South Dakota.

2.   The defendants are corporate entities with their principal place of business outside the state of South Dakota.

3.   The amount in controversy exceeds $75,000.

4.   There is diversity of citizenship and jurisdiction is based on 28 U.S.C §1332.

5.   Mabel de Jonge is currently 99 years old and resides in a supervised care facility in Corsica, South Dakota.

6. In or about 1999, Mabel de Jonge purchased a policy of long term care insurance from Medico, which promised to pay daily benefits in the event that the policyholder became eligible and required long term care services.

7. In 2005, Mabel de Jonge had two different surgeries, after which she was admitted to an assisted living facility in Corsica.

8. At first, the family hoped that Mabel de Jonge would recuperate and be capable of returning to independent living. That did not occur.

9. On July 6, 2006, her family helped her apply for benefits under her long term care insurance policy.

10. Mabel de Jonge suffered from osteoporosis, atrial fibrillation, congestive heart failure, and spinal kyphosis, resulting in her walking with her face parallel to the floor.

11. Mabel de Jonge needed assistance with meal preparation, administration of her multiple medications, assistance with bathing, and a variety of other personal needs.

12. It was medically necessary that Mabel de Jonge receive assisted living services, as without the care her condition would be adversely affected in a number of ways.

13. Mabel de Jonge qualified for benefits under her policy of long term care insurance.

14. Nevertheless, when Mabel de Jonge applied for her benefits in July, 2006, Defendants denied the claim.

15. No reasonable basis existed for denial of the claim, and Defendants

knew that no reasonable basis existed for denial of the claim.

16. Defendants continued denying the claim until August 9, 2007, when an on-site evaluation conducted by Defendants indicated that Mabel de Jonge did qualify.

17. On August 9, 2007, Defendants accepted the claim and commenced benefits, but refused to provide payment of benefits for any time period prior to that date.

18. The severity of Mabel de Jonge's condition on August 9, 2007, makes it obvious that her condition did not suddenly develop on that date.

19. Medico Insurance Company subsequently transferred its long term care block of business to Medico Life Insurance Company, which in turn was purchased by Ability Resources, Inc. That transfer took place on September 27, 2007.

20. Ability Resources, Inc., subsequently changed its name to Ability Insurance Company.

21. Ability Insurance Company now owns and controls the block of business that includes Mabel de Jonge's long term care policy.

22. At the time Ability Resources purchased Medico Life Insurance Company, the persons in control of that Company were aware that Medico Insurance Company and Medico Life Insurance Company were not properly processing long term care insurance claims, and did not have a proper set of standards under which claims were adjudicated.

23. Subsequent to acquiring the block of business that included Mabel de Jonge's policy, Ability Resources, Inc., and its associated entities, did nothing to correct the deficient claim handling procedures employed by Medico Insurance Company or

Medico Life Insurance Company.

24. To the contrary Ability Resources, Inc., employed a strategy of looking for ways to deny even more claims.

25. Defendants have a duty to correct mistakes or improper actions involving claim adjudications, once they are aware of such instances.

26. The deficiencies in the handling of Mabel de Jonge's claim by Medico Insurance Company were brought to the attention of Ability Insurance Company, but Ability Insurance Company refused to reopen or reprocess the improper claim denial perpetrated on Mabel de Jonge.

27. Defendants have acted with malice, fraud, or oppression, making punitive damages appropriate in order to deter their conduct in this case and other cases.

28. Defendants have engaged in a pattern and practice of illicit and invalid claim handling for the purpose of increasing profits at the expense of legitimate claims made by deserving policyholders.

29. Defendants are alter egos or instrumentalities of each other.

30. Defendants are an association of entities acting together for the common purpose of engaging in the business of insurance.

31. Defendants have aided and abetted each other for the purpose of improperly denying insurance claims without a legitimate basis, including Plaintiff's claim.

32. Defendants have engaged in a pattern and practice of improperly interpreting the medical necessity provision of the insurance contract, as well as other qualifying language of the policy, in order to improperly deny claims and increase

profits.

33.     As a proximate and legal result of Defendants' improper conduct, Mabel de Jonge was denied benefits from July 7, 2006, until August 9, 2007.

34.     As a proximate and legal result of Defendants' improper conduct, Plaintiff also experienced frustration, emotional upset, anxiety, worry, and other harms associated with Defendants' wrongful refusal to provide policy benefits.

WHEREFORE, Plaintiff asks for damages for breach of contract and bad faith in such amount as supported by the proof at trial, and also seeks punitive damages in an amount sufficient to punish Defendants and deter them from future similar conduct, as well as to provide an inducement for them to correct the wrongfully denied claims of other policyholders similar to Mabel de Jonge.  Plaintiff also seeks prejudgement interest, costs, and such other relief as deemed just and appropriate under the circumstances.

**PLAINTIFFS DEMAND TRIAL BY JURY**

Dated this __8__ day of July, 2010.

By: _____

Mike Abourezk
Attorneys for Plaintiff
Post Office Box 9460
2020 W. Omaha St.
Rapid City, South Dakota 57709
(605) 342-0097